RAYMOND MASTELLAR v. NELSON CO-OP. CREAMERY AND ANOTHER.

216 N. W. 2d 836.

April 5, 1974—No. 44197.

*Raymond W. Fitch,* for relators.
*Wallace & Hegg* and *K. L. Wallace,* for respondent.

PER CURIAM.

Certiorari to review an order of the Workmen's Compensation Commission awarding employee compensation for total and permanent disability. The issue is whether the evidence sustains the commission's finding. We hold that it does.

Employee injured his back in 1962 while lifting milk cans for his employer. In 1963 a commission referee, after a hearing on employee's petition, ruled that employee had been temporarily totally disabled continuously from the time of injury up to the date of the hearing. Employer and insurer thereafter paid benefits to employee pursuant to the award and continued making total disability payments up to October 3, 1971. On October 13, 1971, employer and insurer filed a notice of intent to discontinue paying compensation benefits. After a hearing, a compensation judge sustained employee's objection to the discontinuance of payments, and the commission, on appeal, affirmed.

The main evidence supporting the commission's decision is the testimony of employee (who has twice submitted to back surgery in 1963

and in 1965) that he is constantly in pain and that, although on some days he is able to do light work, there are many days when the pain is so intense that he is not able to do anything. It is true that two doctors hired by the insurer indicated that their examinations did not support employee's story of frequent disabling pain, but two doctors called by employee testified that their examinations corroborated employee's story. Since there was also testimony by employment experts called by both sides that if employee's story were true he was unemployable, we believe there was sufficient evidence to support the commission's finding. As we have held on a number of occasions, an employee who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist may be classified as totally disabled. Petter v. K. W. McKee, Inc. 270 Minn. 362, 133 N. W. 2d 638 (1965); Lee v. Minneapolis St. Ry. Co. 230 Minn. 315, 41 N. W. 2d 433 (1950).

Employee is allowed $400 attorneys' fees in this appeal.

Affirmed.